BUILDING TRADES EMPLOYERS AS-SOCIATION (including the following employers per the affidavit of Michael C. Normoyle sworn to on August 18, 1981: John Luther & Sons, Inc., Manning, Squires, Hennig Co., John B. Pike & Sons, Inc., Rochester Acoustical Corp., Saucke Brothers Construction Co., Inc., William J. Schmitt, Inc., Scrufari Construction Co., Inc., Werner Spitz Construction Co., Inc., Stewart & Bennett, Inc., William Summerhays Sons Corporation, Swartout and Rowley, Inc., Wilmorite, Inc., Henery J. Kearse, Inc., Keegan Utility Contractors, Inc., A. Plotzker Co., Inc., R.C. Siebert, Inc., A.V. Towner, Inc., Al Turner Excavating Contractors, Inc., C.P. Ward Inc., Donald A. Lepine & Co., Inc., Frank J. Balcerzak & Son, Inc., the John W. Cowper Co., V.J. Gautieri, Inc., A.W. Hopeman & Sons Co., Robert F. Hyland & Sons Co., Iverson Construction Corp., Raymond Lechase, Inc., Edmund Leising), Comac Builders Supply Corporation, Domine Builders Supply Corporation, Flower City Builders Supply, Ray's Trucking Company, George Miller Brick Company, Keystone Builders Supply Company, Weckesser Brick Company, Inc., Eber Brothers Wine & Liquor Distributors, Ontario Liquor Distributors, Rochester Liquor Distributors, Stanmor Liquor Company, Inc., Universal Liquor Corporation, Rochester Beer & Beverage Corporation, Karl Schmidt Trucking, Rogers Fuel Corporation, Emerson Fuel Co., Inc., Selected Fuel, Inc., Decroce & Ward, Inc., Friendship Dairies, Inc., Wm. B. Morse Lumber Company, John W. Morse and E.G. Snyder, Inc., and Howe & Bassett, Inc., (originally commenced under Civil Action No. 82–11B(c) and consolidated with Civil Action No. 80–862C by order dated February 9, 1982), Plaintiffs-Appellants,

v.

The NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND, and Irving Wisch, Kepler Vincent, T. Edward Nolan, Roc-

co F. De Perno, Victor Mousseau, Paul E. Bush, and Jack Canzoneri, as Trustees of the New York State Teamsters Conference Pension and Retirement Fund, and Al Sgaglione, Executive Administrator of the New York State Teamsters Conference Pension and Retirement Fund, Defendants-Appellees.

Cal. No. 670, Docket 84–7743.

United States Court of Appeals,
Second Circuit.

Argued January 21, 1985.
Decided May 2, 1985.

Paul R. Braunsdorf, Rochester, N.Y. (Harris, Beach, Wilcox Rubin & Levey and Douglas A. Foss, Rochester, N.Y., on the brief), for plaintiffs-appellants.

Peter P. Paravati, Utica, N.Y. (Constance J. Angelini, Utica, N.Y., of counsel), for defendants-appellees.

Before VAN GRAAFEILAND, MES-KILL and WINTER, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment of the United States District Court for the Western District of New York (Curtin, C.J.) dismissing appellants' complaints. The district court's decision and order of dismissal have been reported officially. *See* 580 F.Supp. 180 (W.D.N.Y.1983).

Appellants are the Building Trades Employers Association, comprised of employers in the Rochester, New York area, and John Morse, a non-union, managerial employee on whose behalf contributions have been made to appellee, The New York State Teamsters Conference Pension and Retirement Fund. The Fund is a multi-employer Taft-Hartley pension plan supported entirely by employer contributions; its purpose is to provide benefits to union members covered by collective bargaining agreements containing a pension or retirement clause. The Fund is managed by eight trustees, half of whom are selected by the some 1500 contributing employers and the other half by the 15 participating local unions; it serves about 25,000 employees and beneficiaries.

Section 1(2) of the Fund's Pension Plan defines "participating employer" as
any person, firm, or corporation having a collective bargaining agreement with the Union which is authorized by the Board of Trustees to participate in the Plan upon appropriate action by such employer acceptable to the Board of Trustees.

For the last twenty years, "appropriate action ... acceptable to the Board" has included the signing of participation agreements which set forth certain rules and procedures for the making of contributions to the Fund.

In September 1979, the Fund proposed a new participation agreement containing several provisions to which appellant employers objected. They contended that the proposed agreement would allow the Fund to unilaterally terminate any employer who refused to comply with the Fund's determination of the contribution owed, would give employees of such employers the right to strike despite no-strike clauses in their collective bargaining agreements, and would require contributions on behalf of seasonal and casual employees despite the absence of a collective bargaining agreement to that effect. Unable to persuade the Fund to alter the terms of the proposed agreement, appellant employers refused to sign it. In response, the Fund refused to accept further contributions from them.

Appellants then sued, seeking a judgment declaring that it was the fiduciary duty of the Fund under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, to accept their contributions. The district court held that the employers lacked standing to sue, *see Pressroom Unions Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 892 (2d Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983), but upheld the right to sue of the plaintiff Morse, *see International Association of Bridge, Structural and Ornamental Iron Workers Local No. 111 v. Douglas,* 646 F.2d 1211, 1214 (7th Cir.), *cert. denied,* 454 U.S. 866, 102 S.Ct. 328, 70 L.Ed.2d 166 (1981).

By stipulation, the parties limited their substantive dispute to whether the Fund

could require employers to sign a participation agreement of any kind as a condition for accepting their contributions. Instead of challenging the specific provisions of the proposed 1979 agreement, Morse contended that the employers could not be compelled to sign a participation agreement at all, regardless of its terms. In rejecting this argument, the district court said that "there may well be provisions contained in the Fund's Participation Agreement which are 'arbitrary, capricious, and unconscionable' to plaintiff's employer" but that "those issues have not been presented to the court for review." 580 F.Supp. at 189. The court then concluded that the "defendants may require a signed Participation Agreement from employers and unions in order for employers to participate in the Fund and Plan." *Id.* We agree.

As a general rule federal courts should refrain from interfering with the administration of a pension plan unless its trustee or administrator has acted in an arbitrary or capricious manner. *Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan,* 698 F.2d 593, 599 (2d Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Elser v. I.A.M. National Pension Fund,* 684 F.2d 648, 652–55 (9th Cir.1982), *cert. denied,* — U.S. —, 104 S.Ct. 67, 78 L.Ed.2d 82 (1983). Under section 1(2) of the Teamster Fund's Pension Plan, an employer cannot participate in the Plan until it has taken "appropriate action ... acceptable to the Board of Trustees." Moreover, although the trust indenture provides that the trustees will receive and hold employer contributions as "more nearly described" in the employers' collective bargaining agreements, the indenture also provides that the trustees shall establish a funding policy and method consistent with the objectives of the Plan and the requirements of Part 3, Title 1 of ERISA, 29 U.S.C. §§ 1081–86, and shall make rules and regulations to carry out the provisions of the indenture. Accordingly, so long as the trustees act solely in the proper interests of the Fund and its participant-employees and do not abuse their powers by arbitrarily intermeddling in the private management and labor negotiations of the sponsoring employers, courts should refrain from faulting their actions. *See NLRB v. Amax Coal Co.,* 453 U.S. 322, 336–37, 101 S.Ct. 2789, 2797–98, 69 L.Ed.2d 672 (1981); *Talarico v. United Furniture Workers,* 479 F.Supp. 1072, 1080–81 (D.Neb.1979); 29 U.S.C. § 1104(a)(1)(A).

Because the district court dealt solely with the trustees' insistence upon the execution of a participation agreement by sponsoring employers and was not asked to consider the capriciousness *vel non* of any of the agreement's provisions, the court did not err in dismissing Morse's complaint. We therefore affirm. This disposition on the merits, which is binding on the employers, makes it unnecessary for us to reach the issue of the employers' standing to sue.